IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIANA L. BOWLES,
d/b/a LADYDI PERSIANS,

Plaintiff,

v.                                                                                        No. 15-0946-DRH

SUE HORWEDEL,
d/b/a STERLINGPAWS,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is plaintiff Diana L. Bowles' motion to remand (Doc. 13). Defendant Sue Horwedel opposes the motion (Doc. 17). Based on the following, the Court finds that it lacks subject matter jurisdiction, grants the motion to remand and remands this matter to the Madison County, Illinois Circuit Court.

On August 25, 2015, Horwedel removed this case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 1). Horwedel maintains that Bowles' August 3, 2015 first amended small claim complaint indicated, for the first time, that the amount in controversy met the jurisdictional threshold of $75,000 to

confer subject matter jurisdiction.[1]  This dispute arises out of a purported breach of contract for the breeding of a certain Persian cat. Bowles claims that Horwedel, after receiving the female cat for breeding, simply reneged on her alleged contractual obligations and returned the subject cat to plaintiff in poor health and with no basis for doing so.

On September 4, 2015, Horwedel filed a motion to dismiss Count II (Doc. 6). Thereafter, Bowles filed the motion to remand arguing that the amount in controversy has not been met (Doc. 13).   Horwedel opposes the motion to remand (Doc. 17).   Based on the following, the Court grants the motion.

## Analysis

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction bears the burden of establishing the existence of the district court's original jurisdiction. H*art v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Any uncertainty as to federal jurisdiction must be resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Horwedel removed the case pursuant to 28 U.S.C. § 1332 whereby district courts have jurisdiction over a civil action exceeding $75,000 and between diverse parties. The parties do not contest diversity, and Horwedel properly pleaded

---

[1] Originally on September 4, 2014, Bowles filed a small claim complaint against Horwedel in the Madison County, Illinois Circuit Court for $10,000.00 for breach of contract (Doc. 1-1, ps. 1-2).

diversity in its notice of removal. The amount in controversy, however, is at issue in the instant motion.

The amount in controversy in a case removed from state court is "the amount required to satisfy the plaintiff's demands in full on the day … the suit was removed." *Oshana v. CocaCola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006) (citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)). A plaintiff may prevent removal by stipulating that damages will not exceed $75,000. *Oshana*, 472 F.3d at 511 (citing *BEM I, L.L.C.*, 301 F.3d at 552; *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)).

Here, the first amended complaint is a small claims complaint that seeks in excess of $50,000.00 and but not to exceed $75,000.00 (Doc. 1-3. p. 4). Further, Bowles' first amended complaint contained an affidavit attesting the same (Docs. 1-1, p. 33 and 1-3, p. 8). Bowles properly avoided federal court jurisdiction by filing an affidavit along with her first amended small claim complaint stipulating/limiting damages to below $75,000.00 As such, this Court does not have jurisdiction to hear this claim and must remand the case to state court.

## Conclusion

Accordingly, the Court **GRANTS** Bowles' motion to remand (Doc. 13) and **DENIES as moot** the motion to dismiss Count II (Doc. 6). Because the Court lacks

subject matter jurisdiction over Bowles' cause of action, the Court **REMANDS** this case to the Madison County, Illinois Circuit Court.

IT IS SO ORDERED.

Signed this 5th day of November, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.11.05 16:36:46 -06'00'

**United States District Judge**